**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                         **CRIMINAL ACTION NO.: 3:14-CR-58
(GROH)**

**TIMOTHY JAMES FISHER,**

    Defendant.

### ORDER GRANTING UNITED STATES' MOTION TO DISMISS IN PART THE THIRD PARTY PETITION OF ROBIN A. SLAGLE AND DENYING ROBIN A. SLAGLE'S OBJECTION TO FORFEITURE

Currently before the Court is the United States' Motion to Dismiss in Part the Third Party Petition of Robin A. Slagle [ECF No. 50], filed on December 10, 2015, and *Pro Se* Interested Party Robin A. Slagle's Objection to Forfeiture [ECF No. 47], filed on November 5, 2015. For the following reasons, the Court **GRANTS** the United States' Motion and **DENIES** *Pro Se* Interested Party Robin A. Slagle's Objection.

### I. Background

On April 14, 2015, the Defendant in the above-styled matter pleaded guilty to count one of the indictment, felon in possession of firearms. ECF No. 31. On May 6, 2015, a preliminary order of forfeiture was entered.[1] ECF No. 35. In accordance with 21 U.S.C.

---

[1] The preliminary order of forfeiture listed the following firearms: (1) Remington, model 770, 7mm caliber rifle, serial number M71685766; (2) Mossberg, model 88, 12 gauge shotgun, serial number MV13347P; (3) Marlin, model 75, 22 caliber rifle, serial number 25351285; (4) Remington, model 870 12 gauge shotgun, serial number S395575V; (5) Marlin, model 795, 22 caliber rifle, serial number 91538794; (6) Savage, model Axis, 223 caliber rifle, serial number H369713; (7) Connecticut Valley Arms, model unknown, 20 gauge shotgun, serial number 010839; (8) Mossberg, model unknown, 410 gauge shotgun, serial number T585226; (9) Make unknown, model unknown, 30-06 caliber rifle, serial number 64633; (10) Savage, model unknown, 12 gauge shotgun, no serial number; (11) Mossberg, model 500A, 12 gauge

§ 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6), the United States posted a notice of forfeiture on an official government website[2] from May 13, 2015, through June 11, 2015. ECF No. 38. No objection to the forfeiture was raised during that time.

On August 3, 2015, the Defendant was sentenced to a 48-month term of incarceration followed by three years of supervised release. ECF No. 40. The judgment order of this Court incorporated the preliminary order of forfeiture by reference. ECF No. 42 at 6. On September 16, 2015, the United States filed a motion for final order of forfeiture with respect to specified personal property. ECF No. 45. Because no objection had been raised to the forfeiture, on October 8, 2015, the Court entered a final order of forfeiture. ECF No. 46.

On November 5, 2015, *pro se* interested party Robin A. Slagle filed an objection to forfeiture. ECF No. 47. In her objection, Ms. Slagle purports that the firearms listed in the final order of forfeiture belong to her and not the Defendant. On December 10, 2015, the Government filed a motion to dismiss in part Ms. Slagle's objection. ECF No. 50. In its motion, the United States concedes that four of the nineteen firearms named in the final order of forfeiture belong to Ms. Slagle.[3] However, the United States avers that Ms.

---

shotgun, serial number R260821; (12) Savage, model 93R17, 17 caliber rifle, serial number 0624534; (13) Henry Repeating Arms, model unknown, 22 caliber rifle, serial number 625787H; (14) Savage, model Stevens 94, 16 gauge shotgun, serial number B601502; (15) Savage, model 311, 12 gauge shotgun, no serial number; (16) Llama, model Omni, 9 mm pistol, serial number PA3354; (17) S&W, model 10, 38 caliber revolver, serial number 33042; (18) Rock Island Armory, model 1911A1, 45 caliber pistol, serial number RIA1171632; and (19) Iver Johnson, model Cadet 55SA, 22 caliber pistol, serial number H74367.

[2] The Government posted the forfeiture notice on www.forfeiture.gov.

[3] The four firearms that the Government traced back to Ms. Slagle are (1) the Marlin, model 795, 22 caliber rifle, serial number 91538794; (2) the Henry Repeating Arms, model unknown, 22 caliber rifle, serial number 625787H; (3) the Llama, model Omni, 9 mm pistol, serial number PA3354; and (4) the Iver Johnson, model Cadet, 55SA, 22 caliber pistol, serial number H74367.

Slagle has no legal interest in the remaining firearms and therefore lacks standing to set aside the final order of forfeiture entered by this Court.

On December 31, 2015, the United States filed a motion to amend the final order of forfeiture, requesting that the Court amend its order and vacate the forfeiture of the following four firearms: (1) Marlin, model 795, 22 caliber rifle, serial number 91538794; (2) Henry Repeating Arms, model unknown, 22 caliber rifle, serial number 625787H; (3) Llama, model Omni, 9 mm pistol, serial number PA3354; and (4) Iver Johnson, model Cadet, 55SA, 22 caliber pistol, serial number H74367. ECF No. 51. Aside from these four firearms, the United States requested that all other aspects of the final order of forfeiture entered on October 8, 2015, remain in effect. On January 6, 2016, the Court entered an amended final order of forfeiture, which vacated the forfeiture of the four above-mentioned firearms. ECF No. 53. Notwithstanding the four firearms listed in the amended order, all other provisions of the final order of forfeiture [ECF No. 46] were ordered to remain in effect.

## II. Applicable Law

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), the preliminary order of forfeiture becomes final at sentencing. However, "[i]f the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c)." Fed. R. Crim. P. 32.2(b)(4)(A). Rule 32.2(c) provides, "If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding . . . ." Fed. R. Crim. P. 32.2(c)(1). Upon completion of the ancillary proceeding,

> the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party

> rights. *If no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property* that is forfeitable under the applicable statute. The defendant may not object to the entry of the final order on the ground that the property belongs, in whole or in part, to a codefendant or third party; nor may a third party object to the final order on the ground that the third party had an interest in the property.

Fed. R. Crim. P. 32.2(c)(2) (emphasis added).

The time within which a third party may object to an order of forfeiture is described in 21 U.S.C. § 853(n)(2):

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may, *within thirty days of the final publication of notice or his receipt of notice under paragraph (1)*,[4] whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

A third party who fails to timely petition the court for a hearing to adjudicate his interest in property to be forfeited waives his right to an ancillary proceeding and his right to object to a final order of forfeiture. See Fed. R. Crim. P. 32.2(c) advisory committee's note to 2000 amendment ("[I]f a third party has notice of the forfeiture but fails to file a timely claim, his or her interests are extinguished, and may not be recognized when the court enters the final order of forfeiture."); see also United States v. Marion, 562 F.3d 1330, 1335-36 (11th Cir. 2009); United States v. Grossman, 501 F.3d 846, 848-49 (7th Cir. 2007).

---

[4] Section 853(n)(1) provides, in pertinent part:

> The Government may also . . . provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

4

## III. Discussion

Here, Ms. Slagle had thirty days from June 11, 2015, to object to the forfeiture. No objection was filed within the thirty-day time period. It was not until November 5, 2015, that Ms. Slagle filed an objection. Because Ms. Slagle failed to raise a timely objection, she waived her right to an ancillary proceeding under Federal Rule of Criminal Procedure 32.2(c)(1) and her right to object to this Court's final order of forfeiture entered on October 8, 2015.

## IV. Conclusion

Accordingly, the Court **GRANTS** the United States' Motion to Dismiss in Part the Third Party Petition of Robin A. Slagle [ECF No. 50] and **DENIES** *Pro Se* Interested Party Robin A. Slagle's Objection to Forfeiture [ECF No. 47].

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* interested party.

**DATED:** January 19, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE